IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZURY SARAHI CASTRO,                          )
                                             )
                    Petitioner,              )
                                             )
        v.                                   )        Case No. 26-3054-JWL
                                             )
PAMELA BONDI, Attorney General;              )
EXECUTIVE OFFICE FOR IMMIGRATION             )
    REVIEW;                                  )
Secretary of Homeland Security;              )
SAMUEL OLSON, ICE Field Office Director;     )
DEPARTMENT OF HOMELAND SECURITY; and         )
JACOB WELSH, Warden, Chase County Detention  )
    Center,                                  )
                                             )
                    Respondents.             )
                                             )
_____)

**<u>MEMORANDUM AND ORDER</u>**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered to release petitioner on bond, subject to the same terms previously set by an immigration judge, on or before **April 6, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request by petitioner for other relief.

Petitioner, a citizen of Mexico, entered the United States as a baby in approximately 1991 without authorization, and she has resided in the United States since then. On January

17, 2026, petitioner was detained by immigration officials, and removal proceedings were subsequently initiated.  Petitioner requested release on bond, but on February 3, 2026, an immigration judge denied the request, on the ground that the immigration court lacked jurisdiction to consider release on bond because petitioner was being detained pursuant 8 U.S.C. § 1225(b)(2)(A), which mandates detention.  On February 18, 2026, the governing Board of Immigration Appeals (BIA) decision (*Hurtado*) was vacated by a federal district court in California; and on February 26, 2026, the immigration judge held another bond hearing for petitioner, considered the merits of the issue, and granted the request, ordering petitioner's release from custody under a bond of $5,000.  The following day, the Government filed a form to invoke an automatic stay of the release order, and the Government subsequently filed an appeal of that order to the BIA.  On March 6, 2026, the immigration judge, acting *sua sponte*, reconsidered the release order and again denied the bond request for lack of jurisdiction, stating that the immigration court remained bound by the BIA precedent in light of the Ninth Circuit's stay of the California court's order to the extent applied outside that district.

Petitioner, who remains in custody in this judicial district, filed the instant habeas action on March 17, 2026.  Respondents have filed an answer and, at the Court's request, a supplemental answer; petitioner has filed a traverse; and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and

2

constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather she had been present in the United States for many years when she was detained. Petitioner argues that, for that reason, her detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. Petitioner thus claims that her detention without any consideration of her release on bond violates these statutes.[1]

In a recent case involving the same issue, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court ordered relief in the form of a bond hearing under Section 1226(a). *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Galdamez Orellana*, and they therefore acknowledge that the Court's prior reasoning would also apply here. Thus, for the same reasons set forth in the Court's opinion in *Galdamez Orellana*, *see id.* at *1-3, the Court concludes in this case that the Government may not detain petitioner under

---

[1] Petitioner also claims that her detention without consideration of release on bond violates due process. In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue. Nor need it address petitioner's other claims by which she seeks the same relief.

Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).[2]

The Court then turns to the issue of the appropriate relief to be accorded petitioner for this violation. In its previous similar cases, the Court has ordered the Government to provide a bond hearing on the merits, while denying the petitioner's requests for release, for a bond hearing conducted by the Court itself, for an order imposing a particular burden of proof in the bond hearing, or for an order prohibiting invocation by the Government of the automatic stay provision in an appeal from the bond determination. *See, e.g.*, *id.* at *3. The Court concludes in its discretion, however, that in this case such relief would not be appropriate in light of the February 23 order by which the immigration judge determined that petitioner should be released on bond based on the merits of the issue. Requiring the same outcome – petitioner's release on $5,000 bond – provides petitioner the most efficient relief. In light of the recency of that decision and the absence of changed circumstances relevant to that decision, it would be superfluous to order another bond hearing.

---

[2] The Court declines respondents' request to reconsider its prior ruling in light of the Eighth Circuit's recent contrary decision in *Avila v. Bondi*, __ F.4th __, 2026 WL 819258 (8th Cir. Mar. 25, 2026). The Court agrees with the reasoning of the dissent in that case, *see id.* at *6-8 (Erickson, J., dissenting), just as in *Galdamez Orellana* it agreed with the reasoning of the dissent in a similar case decided by the Fifth Circuit. *See Galdamez Orellana*, 2026 WL 710121, at *3 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508-21 (5th Cir. 2026) (Douglas, J., dissenting)).

The parties agree that, because the Government had already appealed from the February 23 order granting release on bond, the immigration judge lacked jurisdiction to reconsider that ruling on March 6.[3]  Respondents then argue that the February 23 order cannot be "reinstated" as requested in the petition because it is still technically in force (although stayed and on appeal), and they further argue that, in light of that procedural difficulty, the Court should simply order a new bond hearing in the immigration court. Other than to make that semantic argument, however, respondents have not provided any reason why the Court should not order that the February 23 determination be given effect, obviating the need for a new hearing.  Respondents do not dispute petitioner's evidence that, at the February 23 hearing, the Government did not offer evidence or in any way oppose the request for release on bond on the merits (including whether petitioner would be a flight risk or pose a danger to the public upon release), but instead opposed release solely on the jurisdictional basis under Section 1225(b)(2)(A).  Moreover, in appealing that determination to the BIA, the Government again did not question the merits of the determination and relied solely on the jurisdictional argument.  Thus, the Government has demonstrated that it lacks a factual basis to oppose release on bond for petitioner.  The Court therefore concludes that ordering a new bond hearing would not serve any legitimate purpose, and thus would not serve the interests of justice; accordingly, it orders that

---

[3]  Although an Article III trial court is generally divested of jurisdiction to address an issue once an appeal on that issue has been filed, the parties have not cited any authority to support the claim that the same rule applies in this context of an immigration court.

petitioner be released, subject to the same terms set by the immigration judge on February 23, 2026 (i.e., bond of $5,000).[4]

The Court also orders that that bond decision be given effect forthwith, without any stay akin the one invoked by the Government in appealing the February 23 order to the BIA. The Government invoked the stay in this case solely to appeal the bond determination on jurisdictional grounds, but the Court has ruled that the BIA precedent on which the Government relies (*Hurtado*) was wrongly decided. Because the Government has no lawful basis to challenge the immigration judge's bond decision (having foregone any merits-based arguments), a stay of this Court's order would serve only to thwart the Court's remedy for the statutory violation.[5] The Court therefore orders that petitioner's release on bond be effected on or before **April 6, 2026**.

Finally, the Court notes that petitioner has requested an award of attorney fees under the Equal Access to Justice Act. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered to release petitioner on bond, subject to the same terms previously set by an immigration

---

[4] In her traverse, petitioner requests as the appropriate remedy her release without bond, on recognizance, but the Court denies that request, as it does not believe that it would be proper make a fact-based bond determination in the first instance. An immigration judge has set appropriate terms for petitioner's release on bond, and the most appropriate relief in this Court is for those terms to be given effect.

[5] The Court need not address in this case the constitutionality of the stay provision.

6

judge, on or before **April 6, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request by petitioner for other relief.

IT IS SO ORDERED.

Dated this 1st day of April, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge